*B. E. Rhoads, J. E. McDonald, A. L. Roache* and *D. Sheeks*, for appellee.

---

## Butler's Administrator *v.* Anderson.

Lost Note.—Pleading.—A complaint upon a promissory note alleged that the note was in the possession of a third person, who held it without right, and had carried it beyond the jurisdiction of the court, and beyond the control of the plaintiff.

*Held*, that the facts alleged were equivalent to an averment of the loss of the note.

*Held*, also, that the person who was alleged to have wrongful possession of the note was not a necessary party defendant.

APPEAL from the *Howard* Common Pleas.

Gregory, J.—*Stephen D. L. Butler's* administrator sued *Thomas G.* and *Joseph C. Anderson* on a promissory note, a copy of which is made a part of the complaint. It is averred that the note was wrongfully and unlawfully taken

possession of by one *Abiah Butler*, after the death of the plaintiff's intestate, and carried away by him beyond the power and control of the plaintiff, or the process of the court. This allegation is supported by the affidavit of one *Anter*, filed with and accompanying the complaint. The death of *Joseph C. Anderson* was suggested in the court below. The other defendant demurred to the complaint. The demurrer was sustained, and this presents the question in the case at bar.

It is claimed that the complaint is insufficient, because it does not declare upon the instrument as a lost note. We think the averment is sufficient. The plaintiff could undoubtedly have declared on the note as lost, but it is just as well to state the facts which show that the instrument is lost.

It is claimed that *Abiah Butler* is a necessary party defendant, to answer as to his interest in the note. The complaint shows that he has none. The defendant cannot be prejudiced. The note is not payable at a bank in this State. It is not commercial paper under the statute. The defendant can pay the note to the rightful owner, and this will avail him as a defense against the note, even in the hands of an innocent *bona fide* holder. 2 G. & H., § 3, p. 658. The court below erred in sustaining the demurrer to the complaint.

The judgment is reversed, with costs, and the cause remanded, with directions to overrule the demurrer to the complaint, and for further proceedings.

*C. N. Pollard*, for appellant.

*N. R. Linsday* and *J. J. Lewis*, for appellee.